UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| FRANTZ BARTHELEMY, | : | |
| Plaintiff, | : | No. 3:22-cv-275 (SRU) |
| | : | |
| v. | : | |
| | : | |
| A. QUIROS, | : | |
| Defendant. | : | |
| | : | |

## INITIAL REVIEW ORDER

Frantz Barthelemy ("Barthelemy"), currently incarcerated at Cheshire Correctional Institution, brings this action pursuant to 42 U.S.C. § 1983 against Department of Correction Commissioner Angel Quiros, principally alleging that Quiros failed to adequately protect him. For the following reasons, the complaint is **dismissed.**

## I.      Factual Allegations

On April 27, 2021, Barthelemy was in the TV room on South Block 4 of Cheshire Correctional Institution ("Cheshire"), getting a haircut. Compl. at ¶¶ 1, 2, 8. There is no camera in the TV room and the officers on duty cannot see into the room from their station. *Id.* ¶¶ 8-9. After his haircut was finished, Barthelemy was hit in the face and head by another inmate. *Id.* at ¶¶ 1, 2. Barthelemy was taken to UConn hospital, and photos of his injuries (which included a cut on his face, swelling in his head, and a broken right eye socket) were taken and a CT scan was performed. *Id.* at ¶¶ 3-5. The doctor mentioned the possibility of surgery, but Barthelemy was not returned to the hospital. *Id.* at ¶ 5.

After returning to Cheshire, Barthelemy spoke to Lieutenant Right, but was placed in

segregation nonetheless. *Id.* ¶ 6. On April 28, 2021, Barthelemy spoke to Captain Taylor and told him that he had been assaulted and that he had not been fighting. *Id.* at ¶ 7. Barthelemy was still left in segregation for nine days. *Id.* ¶ 8.

II.     **Standard of Review**

Under section 1915A of Title 28 of the United States Code, a district court must review an incarcerated individual's complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from that relief. 28 U.S.C. § 1915A. Although detailed allegations are not required in order to survive initial review, a complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based, and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nevertheless, it is well-established that "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

III.    **Discussion**

The crux of Barthelemy's allegations appears to be that he was not adequately protected by prison guards when another inmate attacked him on South Block 4. Based on those allegations, I construe his claim as an Eighth Amendment claim for deliberate indifference to

health or safety brought pursuant to section 1983.[1]

The Eighth Amendment imposes a duty on prison officials to protect incarcerated individuals from known harms. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To plausibly allege that a defendant has violated the Eighth Amendment by failing to fulfill that duty, a plaintiff must show (1) that the conditions to which he or she was subjected posed a substantial risk of serious harm, and (2) that the defendant acted with deliberate indifference, or knew of and nonetheless disregarded that risk. *Id.* at 837; *see also Lewis v. Swicki*, 629 F. App'x 77, 79 (2d Cir. 2015) ("To demonstrate an Eighth Amendment violation, a prisoner must show both that (1) 'he was incarcerated under conditions posing a substantial risk of serious harm' and (2) 'defendant prison officials possessed sufficient culpable intent.'") (quoting *Hayes v. Department of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) (cleaned up)).

With respect to the requirement that the risk of harm be substantial, there is no "bright line test" or set formula for determining whether a particular risk meets the standard. *Lewis v. Siwicki*, 944 F.3d 427, 432 (2d Cir. 2019). Instead, a court must consider "whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993); *see also Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012) ("[T]here is no static test to determine whether a deprivation is sufficiently serious; the conditions themselves

---

[1] Although Barthelemy does not indicate whether he had been sentenced at the time of the attack, records publicly available on the Department of Correction website show that he was sentenced in 2001. *See* ctinmateinfo.state.ct.us. Because it appears that Barthelemy was serving his sentence at the time of the assault, and not detained awaiting trial, his claim is cognizable under the Eighth—rather than the Fourteenth—Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (deliberate indifference claims of sentenced individuals are considered under the Eighth Amendment, while those raised by individuals detained awaiting sentencing are considered under the Fourteenth Amendment).

3

must be evaluated in light of contemporary standards of decency.") (cleaned up). Determining whether a defendant acted with deliberate indifference entails a similarly fact-specific inquiry, focused on whether a plaintiff has plausibly alleged both that the defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and…dr[ew] the inference." *Farmer*, 511 U.S. at 837. "Evidence that a risk was obvious or otherwise must have been known to a defendant may be sufficient for a fact finder to conclude that the defendant was actually aware of the risk." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (cleaned up).

Barthelemy's claim fails with respect to both requirements. First, Barthelemy alleges only that he was in a room without a camera and that the guards could not see him. But "[t]he mere fact that inmates are left unsupervised is not sufficient to establish that the inmates were exposed to a substantial risk of harm." *Williams v. McGibbons*, 2018 U.S. Dist. LEXIS 237313, at *7 (N.D.N.Y. May 7, 2018) (cleaned up) (collecting cases). Rather, a plaintiff must set forth some evidence that the risk of harm was "actual or imminent," by alleging, for example, that he or she had a previous altercation with his or her attacker and requested to be separated from that individual. *Dublin v. N.Y.C. Law Dep't*, 2012 U.S. Dist. LEXIS 141823, at *13 (S.D.N.Y. Sept. 26, 2012) (cleaned up); *see also Brown v. Budz,* 398 F.3d 904, 911 (7th Cir. 2005) (holding that a plaintiff had sufficiently alleged that he was subjected to a substantial risk of serious harm where an individual with "a known history and propensity of violently attacking….was allowed unsupervised access to the dayroom" where plaintiff and others would congregate); *Williams v. McGibbons*, 2018 U.S. Dist. LEXIS 237313, at *8 (N.D.N.Y. May 7, 2018) (dismissing claim for failure to protect where "[p]laintiff makes no claims that there were previous altercations

4

with [attacker], threats of violence, or any other indications that he faced a risk of imminent harm"). Courts have also found claims for failure to protect cognizable where correctional officers were actually aware of an ongoing assault and nonetheless failed to intervene. *See, e.g., Blake v. Sexton*, 2016 U.S. Dist. LEXIS 38798, at *14-15 (S.D.N.Y. Mar. 24, 2016) (collecting cases); *Dennis v. Westchester Cnty. Jail Corr. Dep't*, 485 F. App'x 478, 481 (2d Cir. 2012). In the case at bar, however, Barthelemy claims only that he was left unsupervised with another inmate and has therefore failed to demonstrate that he was subjected to conditions that posed a substantial risk of serious harm.

Moreover, Barthelemy sets forth no facts from which I can conclude that any correctional officer on the scene was aware that he was at risk of being assaulted or attacked yet failed to take action to ensure that he was safe. Although Barthelemy names Commissioner Quiros as a defendant, he includes no facts to suggest that Commissioner Quiros was in any way involved with or present before or during the assault. As a result, I am unable to infer that Commissioner Quiros was aware of and nonetheless disregarded a substantial risk to Barthelemy's safety. Moreover, to the extent that Barthelemy has chosen to name Commissioner Quiros due to his supervisory role at the DOC, a claim for money damages under section 1983 requires a showing of personal involvement by the named defendant. *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). In other words, the mere fact that Commissioner Quiros is in a position of authority at the DOC is not enough: Barthelemy must instead "show that [Quiros himself] acted with deliberate indifference." *Tangreti v. Bachmann*, 983 F.3d 609, 619 (2d Cir. 2020) (cleaned up). Accordingly, even assuming that Barthelemy had set forth sufficient facts to demonstrate that he faced a substantial risk of harm by virtue of being left in South Block out of sight of the

guards, he has failed to state a cognizable Eighth Amendment claim against Commissioner Quiros.

## IV.  Conclusion

For the foregoing reasons, the complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).  Barthelemy may file an amended complaint if he can allege facts showing that he faced a substantial risk of serious harm and identify defendants (either by name or by referring to them as "John Doe" with the assumption that their identity will be revealed in discovery) who were aware of and disregarded that risk. Any amended complaint shall be filed within **thirty (30) days** from the date of this order. Barthelemy is advised that any such amended complaint will fully replace his current complaint, and he should therefore include all relevant facts in the amended complaint.

So ordered.

Dated at Bridgeport, Connecticut, this 25th day of April 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge